IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| NICHOLAS DeFOSSETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:21-cv-227 |
| VESPERO PLAZA, L.P. d/b/a | ) | |
| VESPERO SHOPPING CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW, NICHOLAS DeFOSSETT, by and through the undersigned counsel, and files this, his Complaint against Defendant VESPRO PLAZA, L.P. d/b/a VESPERO SHOPPING CENTER, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG").  In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff NICHOLAS DeFOSSETT (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio,

1

Texas (Bexar County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  His motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.      Defendant VESPERO PLAZA, L.P. d/b/a VESPERO SHOPPING CENTER (hereinafter "VESPERO") is a private limited partnership operating a commercial property (or "strip mall") that transacts business in the state of Texas and within this judicial district.

8.      VESPERO may be properly served with process at through its registered agent located at: Steve Bowers, 3724 Jefferson Street, Suite 210, Austin, Texas 78731.

**FACTUAL ALLEGATIONS**

2

9.      On or about November 21, 2020, Plaintiff was a customer at "Puerto Vallarta Seafood" a business located at 11502 Perrin Beitel Road, San Antonio, Texas 78217, referenced herein as "Puerto Vallarta Seafood."

10.     VESPERO is the owner or co-owner of the real property and improvements that the Puerto Vallarta Seafood is situated upon and that is the subject of this action, referenced herein as the "Property."

11.     Plaintiff lives approximately 9 miles from the Puerto Vallarta Seafood and Property.

12.     Plaintiff's access to the business(es) located at 11502 Perrin Beitel Road, San Antonio, Bexar County Property Identification number(s) 632363 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Puerto Vallarta Seafood and Property, including those set forth in this Complaint.

13.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property is made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

14.     Plaintiff intends to revisit the Puerto Vallarta Seafood and Property to purchase goods and/or services.

15.     Plaintiff travelled to the Puerto Vallarta Seafood and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Puerto Vallarta Seafood and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Puerto Vallarta Seafood and Property.

## <u>COUNT I</u>
## <u>VIOLATIONS OF THE ADA AND ADAAG</u>

16.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

17.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)    individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the

discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)     the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

18.     Congress explicitly stated that the purpose of the ADA was to:

(i)     provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

                * * * * *

(iv)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

19.     The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement its requirements.

20.     The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

21.     The Puerto Vallarta Seafood is a public accommodation and service establishment.

22.     The Property is a public accommodation and service establishment.

23.     Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

24.     Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq*.; 28 C.F.R. § 36.508(a).

25.     The Puerto Vallarta Seafood must be, but is not, in compliance with the ADA and ADAAG.

26.     The Property must be, but is not, in compliance with the ADA and ADAAG.

27.     Plaintiff has attempted to, and has to the extent possible, accessed the Puerto Vallarta Seafood and the Property in his capacity as a customer of the Puerto Vallarta Seafood and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Puerto Vallarta Seafood and Property that preclude and/or limit his access to the Puerto Vallarta Seafood and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

6

28.     Plaintiff intends to visit the Puerto Vallarta Seafood and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Puerto Vallarta Seafood and Property and as an independent advocate for the disabled, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Puerto Vallarta Seafood and Property that preclude and/or limit his access to the Puerto Vallarta Seafood and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

29.     Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Puerto Vallarta Seafood and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

30.     Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Puerto Vallarta Seafood and Property, including those specifically set forth herein, and make the Puerto Vallarta Seafood and Property accessible to and usable by Plaintiff and other persons with disabilities.

31.     A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or

limited Plaintiff's access to the Puerto Vallarta Seafood and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Puerto Vallarta Seafood and Property include, but are not limited to:

    **(a)**    **ACCESSIBLE ELEMENTS:**

(i) Due to the presence of stairs between Units 11534 and 11540, the Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Property in violation of section 206.2.2 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access public features of the Property.

(ii) Near Unit 11540, the accessible parking space is not adequately marked due to a failure to enact an adequate policy of maintenance and is in violation of section 502.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space and determine the dimensions of the accessible parking space.

(iii) There are changes in level at Property exceeding ½ (one-half) inch that are not properly ramped in violation of section 303.4 of the 2010 ADAAG standards. Specifically, there is an approximately 2 (two) inch vertical rise at the entrance to Unit 11524, thus rendering the interior of the Property inaccessible at this unit. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(iv)    The doorway of the accessible entrance of Unit 11524 is not level in violation of section 404.2.4.4 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(v) Due to the accessible barrier present at the accessible entrance to Unit 11524, the accessible entrance of the Property lacks at least one accessible route provided within the site to the public streets and sidewalks in violation of section 206.2.1 of the 2010 ADAAG standards.

(vi)    The Property lacks signage identified by the International Symbol of Accessibility that indicates the location of the nearest entrance complying with section 404 of the 2010 ADAAG standards, if such an entrance exists.  This policy decision by Defendant(s) violates section 216.6 of the 2010 ADAAG Standards.  This violation would make it difficult for Plaintiff to find an accessible entrance.

(vii)   The Property lacks an access route from site arrival points such as the public streets and sidewalks to the accessible entrance of Unit 11524 in violation of section 206.2.1 of the 2010 ADAAG standards.

(viii)   At Units 11512, 11514 and Rose Nails, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of section 404.2.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(ix)    At Puerto Vallarta Seafood, there is a doorway threshold with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of section 404.2.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the interior of the Property.

(x) At Puerto Vallarta Seafood, the accessible entrance has double doors, each door is not thirty-two (32) inches in clear width in violation of section 404.2.3 of the 2010 ADAAG standards.  This violation would make it difficult and dangerous for Plaintiff to access the interior of the Property.

(xi)    Due to the violations set forth in (d), (h), (i) and (j) above, there is not at least one accessible entrance to each tenant space in the building that complies with section 404 of the 2010 ADAAG standards which is a violation of section 206.4.5 of the 2010 ADAAG Standards.

(xii)   Near Unit 11512, the accessible parking space is not adequately marked and is in violation of section 502.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xiii)   Near Unit 11512, the accessible parking space lacks signage identifying the accessible parking space in violation of section 502.6 of the 2010 ADAAG Standards.

(xiv)   Near Unit 11512, the ground surfaces of the accessible space have vertical rises in excess of ¼ (one quarter) inch in height, are not stable or slip resistant,

have broken or unstable surfaces or otherwise fail to comply with Section 302, 303 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to access the units of the Property.

(xv)   Near Unit 11512, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xvi)   Near Unit 11512, the accessible curb ramp is improperly protruding into the access aisle of the accessible parking space in violation of section 406.5 of the 2010 ADAAG Standards.   This violation would make it difficult and dangerous for Plaintiff to exit/enter their vehicle.

(xvii)  Near Unit 11512, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in violation of section 502.4 and 406.5 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xviii) Near Puerto Vallarta Seafood, the accessible parking space is not adequately marked and is in violation of section 502.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to locate an accessible parking space.

(xix)   Near Puerto Vallarta Seafood, the access aisle and the accessible parking space are not level due to the presence of an accessible ramp in the access aisle and the accessible parking space in violation of section 502.4 of the 2010 ADAAG standards. This violation would make it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(xx)    In Puerto Vallarta Seafood, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation would make it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xxi)   The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards. This violation would make it difficult for Plaintiff to access the units of the Property.

(xxii)  There is an inadequate number of accessible parking spaces serving the Property in violation of section 208.2 of the 2010 ADAAG Standard.  There are a total of 102 total parking spaces requiring five accessible parking spaces, but there are only three accessible parking spaces on the Property.  This would make it difficult for Plaintiff to find available accessible parking spaces.

(xxiii) There are no accessible parking spaces that are identified as van accessible in violation of section 208.2.4 and 502.6 of the 2010 ADAAG Standards.

(xxiv) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

## PUERTO VALLARTA SEAFOOD RESTROOMS

(i)      The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards in that it requires twisting of the wrist. This would make it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(ii)     The door exiting the restroom lacks a proper minimum maneuvering clearance, due to the proximity of the door hardware within 18 inches to the adjacent sink and air blower, in violation of section 404.2.4 of the 2010 ADAAG standards.  This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iii)    The lavatories and/or sinks in the restrooms have exposed pipes and surfaces and are not insulated or configured to protect against contact in violation of section 606.5 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv)    The restrooms have grab bars adjacent to the commode which are not in compliance with section 604.5 of the 2010 ADAAG standards as the rear bar is missing. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(xxv)  The actionable mechanism of the paper towel dispenser in the restroom is located outside the prescribed vertical reach ranges (higher than 48 inches above the finished floor) set forth in section 308.2.1 of the 2010 ADAAG standards. This would make it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

32.     The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Puerto Vallarta Seafood and Property.

33.     Plaintiff requires an inspection of Puerto Vallarta Seafood and Property in order to determine all of the discriminatory conditions present at the Puerto Vallarta Seafood and Property in violation of the ADA.

34.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35.      All of the violations alleged herein are readily achievable to modify to bring the Puerto Vallarta Seafood and Property into compliance with the ADA.

36.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Puerto Vallarta Seafood and Property is readily achievable because the nature and cost of the modifications are relatively low.

37.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Puerto Vallarta Seafood and Property are readily

14

achievable because Defendants have the financial resources to make the necessary modifications.

38.     Upon information and good faith belief, the Puerto Vallarta Seafood and Property have been altered since 2010.

39.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

40.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Puerto Vallarta Seafood and Property, including those alleged herein.

41.     Plaintiff's requested relief serves the public interest.

42.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

43.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

44.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Puerto Vallarta Seafood and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Puerto Vallarta Seafood in violation of the ADA and

ADAAG;

(b)     That the Court issue a permanent injunction enjoining Defendant from continuing their discriminatory practices;

(c)     That the Court issue an Order requiring Defendant to (i) remove the physical barriers to access and (ii) alter the subject Puerto Vallarta Seafood to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(d)     That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses and costs; and

(e)     That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: March 5, 2021.

Respectfully submitted,

/s/  Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
4355 Cobb Parkway, Suite J-285
Atlanta, GA 30339
Tele: (404) 805-2494
Fax: (770) 428-5356
Email: dennis@kurzlawgroup.com